Ford, J.
The borough of Elizabeth had collected the tax, within their bounds, from innkeepers, and paid over to the county collector, for the use of the county of Essex, all moneys arising therefrom, ever since the year 1794, up to the 1st of May, 1814, at which period they concluded that the payment’to the county was wrong, and that the money belonged, in law, to the borough; they have, therefore, retained these taxes in the hands of their clerk, the defendant, for the use of the borough, from the date last mentioned, until they amount, with interest, to $834. For this amount the board of chosen freeholders prosecuted an action to recover it, as money belonging to the county ; and the-question is, to which party it belongs, according to law.
The law for granting licenses to innkeepers, under certain limitations, restrictions, and provisions, is, at least, as old as the Revolution, and must not -be confounded with a much later law in 1797, introductory of a regulation of quite a different kind, for taxing innkeepers, under certain limitations, restrictions, and provisions.
An act of 1784 incorporated the inhabitants of Amboy, (Rev. Laws 61.) and another, of the same date, those of Burlington, (Rev. Laws 74.) giving them power respectively to license innkeepers, under certain limitations and provisions. An act of 1789 incorporated the borough of Elizabethtown, (Rev. Laws 101.) giving them power also to license innkeepers within their bounds.
Seven years after the date of that last charter, viz. in 1797, a general act was passed, (Rev. Laxos 281.) giving power to the Sessions of counties to license innkeepers, under certain regulations, limitations, and provisions. But this general act gave a new power to the county Session to impose- *81 a lax on innkeepers, *not less in amount than ten, nor more than seventy, dollars. From this statement, it manifestly appears that the power to license is totally distinct from the power to tax, each having annexed to it regulations, restrictions, and provisions peculiar to itself and inapplicable to the other. The regulations about the power to license are, that the innkeeper shall be recommended by certain persons ; that his license shall be for only one year; that he shall enter into recognizance with security, and the like. The regulations governing the power to tax, respect the situation and advantages of the place for an inn, the limitations upon the amount, the paying down of the money, the officer who is to receive it, and the way it shall be appropriated, namely, to the county collector, for the use of the county.
Having carefully distinguished the power of licensing, from that of taxing inns, we shall have no difficulty about the true moaning of the 30th section of the last mentioned act, on which the dispute lias arisen. It provides that nothing in this act "shall affect the rights, powers, privileges, and immunities given and granted by law to any city or town corporate, relative to the licensing of inns and taverns,” they “ conforming to the directions, and being subject to the limitations, restrictions, and provisions herein contained and given to the Courts of General Quarter Sessions of the Peace in the several counties of the state. What power of towns corporate is not to bo affected ? The statue specifies plainly the power of licensing. It is in the exercise of this power that they are to conform to the directions, and be subject to the limitations, restrictions, and provisions that govern the county Sessions in exercising the power of licensing.
The legislature knew how to give a regulated power of taxing as well as how to give a regulated power of licensing, and if they intended both powers in the 30th section, it is strange that they should have mentioned only one. Instead *82 of the omission of taxing being an accident or an oversight, it will appear to have been designed and intentional, if we ■examine the charter given subsequently, in 1801, to New Brunswick, {Rev. Laws 505.) wherein the power of taxing is likewise omitted. Could this have happened also by mistake ? But to shew how uniformly it is omitted, we need only look into a charter more recently granted to Princeton, in 1813, {Rev. Laws 563.) wherein the power of taxing is •also omitted. The'two last charters afford ^additional ■evidence that the “ directions, limitations, and provisions ” were those of licensing only; for these, as to taxing, could not possibly be performed in the letter. The bounds of New Brunswick include parts of two counties, and those of Princeton do the same; to which county should the tax on Innkeepers be paid ? One of the provisions, as to the power of taxing, requires payment to the county collector, and would not the legislature have distinguished which, if they had intended this set of provisions should apply to towns ■corporate ? Nothing in the act implies that part of the money is to be paid to the collector of one county, and part of it to the collector of another county; nor could this court adopt the construction of the plaintiffs, and carry it into effect over all the towns corporate, without the aid of an additional section. It may be objected, that the towns corporate have no power of taxing innkeepers if this act does not authorize them to do it; but whether their charters will authorize them or not, is a question not now before the court; they have power to raise money, and to make by-laws; if they have raised this money without lawful authority it cannot belong to the county.
My opinion is, therefore, that judgment must be entered for the defendant.
Kirkpatrick, O. J. and Rossell, J. concurred.
Judgment for defendant.